O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STERLING K. BLANCHE, | ) | Case No. CV 16-06771 CAS (KES) |
| Petitioner, | ) | |
| vs. | ) | ORDER DENYING REQUEST FOR ENLARGEMENT OF TIME TO FILE HABEAS PETITION AND ADMINISTRATIVELY CLOSING MATTER |
| D. BAUGHMAN, Warden | ) | |
| Respondent. | ) | |

Petitioner, a California state prisoner who currently is incarcerated at Folsom State Prison in Sacramento, California has filed a request for an unspecified extension of time to file a petition for writ of habeas corpus.[1] (Dkt. 1.) According to Petitioner, he suffers from a mental disability that affects his thought process and needs more time to research and prepare a petition.

The timely filing of a federal habeas petitioner is not jurisdictional, but rather is subject to statutory tolling and equitable tolling if the petitioner can

---

[1] The Court Clerk is directed to send Petitioner instructions and a form for filing a "Petition For Writ of Habeas Corpus By A Person In State Custody."

show entitlement. Holland v. Florida, 560 U.S. 631, 634 (2010). Presently, however, Petitioner's prospective request to extend his filing deadline must be denied.

Because Petitioner has not yet filed a federal petition, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. Petitioner's request in effect seeks an advisory opinion regarding whether Petitioner's federal habeas petition will be time-barred (a) if the petition is filed at some unspecified future date which may or may not be within the one-year limitation period established by 28 U.S.C. 2244(d)(1), (b) if the State then raises the time bar as a defense, and (c) if Petitioner submits evidence supporting a claim to statutory or equitable tolling. Thus the request seeks relief that the Court could not grant without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution. See Princeton University v. Schmid, 355 U.S. 100, 102 (1981) (under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions); see also Calderon v. Ashmus, 523 U.S. 740. 746 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside); Corocon v. Tilton, 2008 WL 816682, at *1 (C.D. Cal. Mar. 25, 2008) (the Constitution's "case or controversy" requirement precludes courts from granting advisory opinions addressing equitable tolling of anticipated but not yet filed habeas corpus petitions; Ford v. Warden, 2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008) (same).

//
//
//
//

1    IT THEREFORE IS ORDERED that Petitioner's request for
2 enlargement of time is denied and this matter be administratively closed.

4 DATED: September 15, 2016

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

9 Presented by:

*Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge

3